```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                  )
TERENCE T. SEAWRIGHT,             )
                                  )
          Plaintiff,              )
                                  )
     v.                           ) Civil Action No. 18-460 (EGS)
                                  )
POSTMASTER GENERAL OF THE         )
UNITED STATES POSTAL SERVICE      )
                                  )
          Defendant.              )
_____)
```

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

*Pro se* plaintiff Terence Seawright ("Mr. Seawright") brings several claims against the Postmaster General of the United States Postal Service ("USPS"), including (but not limited to) fraud, false claims, defamation, false statements, and concealment. He alleges that several management-level USPS employees used his name without his knowledge or permission to terminate another employee. Pending before the Court is USPS' motion to dismiss Mr. Seawright's complaint for lack of subject matter jurisdiction and failure to state a claim. The Court has carefully considered USPS' motion, Mr. Seawright's response, USPS' reply thereto, the applicable law, and the entire record herein. For the reasons set forth below, the Court finds that it lacks jurisdiction over Mr. Seawright's claims and **DISMISSES** his complaint.

1

**II. Background**

Mr. Seawright alleges that several USPS managers "submitted a statement using [his] name without his knowledge or permission, trying to use [him] to help management terminate [another USPS employee]." Compl., ECF No. 1 at 1.[1] According to Mr. Seawright, this "false statement" affected him and caused "great hard ship [sic]" for the terminated USPS employee and his family. *Id.* Without going into specifics, Mr. Seawright also alleges that this incident was "not the first time management has made false statements to financially inconvenience an employee," as it was "also done to [him] without just cause." *Id.* at 1-2. To support his allegations, Mr. Seawright includes USPS paperwork from February 2013, notifying him that he was to be "placed in an off duty (without pay) status," and other documents resulting from that notification. Ex. 1, ECF No. 1-1. He also includes letters from other USPS employees confirming that Mr. Seawright's name was used without his permission to terminate another employee. Ex. 2, ECF No. 1-1.

Mr. Seawright brings several claims against USPS including: "fraud, knowingly and willfully, false claims, punitive damages, mental anguish, defamation of character, pain and suffering,

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

false statements as to future actions, false statements and venue, false statement, concealment, false statement, concealment-failure to disclose, malicious malice, perjury, misrepresent [sic], conspiracy, falsity, breach of contract." *Id.* at 2. He seeks more than $350,000 in damages. *Id.*

In May 2018, USPS moved to dismiss Mr. Seawright's complaint for lack of jurisdiction and failure to state a claim. The motion is now ripe.

**III. Standard of Review**

A "pro se complaint is entitled to liberal construction." *Washington v. Geren,* 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). However, "[a] federal district court may only hear a claim over which it has subject-matter jurisdiction; therefore, a [Federal Rule of Civil Procedure] 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44 (D.D.C. 2017) (citations and quotations omitted). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely . . . than it would under a

3

motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011)(internal citations omitted). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court "may consider materials outside the pleadings" in determining whether it has jurisdiction to hear the case. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The court must also accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

**IV. Analysis**

USPS argues that the Court lacks subject matter jurisdiction over Mr. Seawright's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) because Mr. Seawright failed to exhaust his administrative remedies and because the government has not waived sovereign immunity for the claims that Mr. Seawright brings. *See* Def.'s Mot., ECF No. 5 at 5-12. USPS also argues that Mr. Seawright's claims should be dismissed because he failed to state a claim upon which relief can be granted

4

pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] *See id.* at 12-16. Mr. Seawright opposes the motion, arguing that he pled claims "for false statement, concealment, and fraud." *See* Pl.'s Opp'n, ECF No. 7 at 4.

USPS argues that the Court lacks subject matter jurisdiction over Mr. Seawright's claims because Mr. Seawright failed to exhaust his administrative remedies by filing a claim under the Federal Tort Claim Act ("FTCA"). Def.'s Mot., ECF No. 5 at 7-12. Indeed, Mr. Seawright brings tort claims against USPS and seeks money damages. *See* Compl., ECF No. 1 at 2 ("seeking $350,000 in damages per person," the $400 filing fee, and "damages assessed for all laws broken"). "Because plaintiff demands money damages from a federal government agency, he must proceed under the [FTCA], which operates as a waiver of the government's sovereign immunity for certain tort claims." *Edwards v. U.S. Park Police*, 251 F. Supp. 3d 109, 111 (D.D.C. 2017) (citing *Richards v. United States,* 369 U.S. 1, 6 (1962)).

"The FTCA provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted [his] administrative

---

[2] Because the Court agrees that it lacks subject matter jurisdiction over Mr. Seawright's case, the Court need not evaluate this argument. *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997).

remedies." *McNeil v. United States*, 508 US. 106, 107 (1993)(citing 28 U.S.C. § 2675(a)). Indeed, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); *see also Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997)("[T]he FTCA requires that claims be presented to the agency in question . . . . [a] claim not so presented and filed is forever barred.").

To exhaust administrative remedies under the FTCA, "the claimant shall have first presented the claim to the appropriate [f]ederal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "In this Circuit, a claim is considered adequately presented when a claimant provides the agency with '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim.'" *Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011)(quoting *GAF Corp. v. United States,* 818 F.2d 901, 905 (D.C. Cir. 1987)). The rationale for this "jurisdictional prerequisite," *GAF Corp.*, 818 F.2d at 904, is that "[n]otice of an injury will enable the agency to

investigate and ascertain the strength of a claim; [and] the sum-certain statement of damages will enable it to determine whether settlement or negotiations to that end are desirable," *id.* at 919-20.

The record establishes that Mr. Seawright did not meet his "minimal" burden to file an administrative FTCA claim. *Tookes*, 811 F. Supp. 2d at 331 ("the FTCA only imposes on claimants the burden of providing notice, not the burden of substantiating claims"). USPS attaches a declaration from Ms. Kimberly Herbst, a supervising "Tort Claims Examiner/Adjudicator with the [USPS] National Tort Center." Herbst Decl., ECF No. 5-1 ¶ 1. Ms. Herbst swears that she conducted a search of "all Postal Service Law Department records of administrative tort claims" and "all Postal Service tort claim coordinator database records of administrative tort claims" for evidence of an administrative claim filed by or on behalf of Mr. Seawright. *Id.* ¶¶ 4,6. She found no such records. *Id.* Because Mr. Seawright did not file an administrative FTCA claim, the Court lacks jurisdiction over his claims. *See Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997)(finding that the district court "lacked subject matter jurisdiction, or if not jurisdiction, the functional equivalent of it," because the plaintiff had not exhausted his administrative remedies).

Mr. Seawright does not dispute that he did not file an FTCA claim. *See generally* Pl.'s Opp'n, ECF No. 7. Instead, he contends that the Court has jurisdiction over his claims because his name was used without his permission. *See id.* at 2-3. He states that he was unable to resolve his issues with the USPS and "that's the reason [he] filed [his] claim in Federal Court." *Id.* at 3. Accepting Mr. Seawright's allegations as true, he nonetheless may not escape the jurisdictional prerequisite that he file an FTCA administrative claim before filing his claim in federal court. *GAF Corp.*, 818 F.2d at 904.

Moreover, many of the claims raised in Mr. Seawright's complaint are claims for which the FTCA expressly does not waive sovereign immunity. For example, 28 U.S.C. § 2680(h) expressly exempts "any claim arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights." *Compare with* Compl., ECF No. 1 at 2 (listing claims related to USPS' alleged deceit, including misrepresentation, defamation of character, and fraud). As Mr. Seawright himself notes, his claims arise out of deceit, defamation, and misrepresentation, as his name was used "without [his] knowledge or consent." Pl.'s Opp'n, ECF No. 7 at 2. Thus, his claims must dismissed, as "[c]laims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter

jurisdiction." *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006).

Finally, Mr. Seawright contends that his claim is a "*qui tam* action," over which this Court has jurisdiction. Pl.'s Opp'n, ECF No. 7 at 3. However, Mr. Seawright has not followed the proper procedure for filing a *qui tam* action under 31 U.S.C. § 3730(b)(mandating that a private person bringing a *qui tam* suit must do so in the name of the government). Moreover, Mr. Seawright may not bring a *qui tam* action "based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party." *Id.* § 3730(e).

As such, the Court lacks jurisdiction over Mr. Seawright's claims and his arguments to the contrary are unavailing.

**V. Conclusion and Order**

Upon careful consideration of Mr. Seawright's arguments and the applicable law, USPS' motion to dismiss is hereby **GRANTED** for the aforementioned reasons. Mr. Seawright's case is **DISMISSED with prejudice** in its entirety.

This is a final, appealable Order.

    **SO ORDERED.**

**Signed:**     **Emmet G. Sullivan**
            **United States District Judge**
            **November 26, 2018**